**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------

**SHARIF LANEY,**

              **Plaintiff,**

     - against -                   **10 Civ. 9063(JGK)**

**RAMIREZ, Et Al.,**

              **Defendants.**        **MEMORANDUM OPINION AND**
                                                                                  **ORDER**

--------------------------------------------------

**JOHN G. KOELTL, District Judge:**

      The plaintiff brought this action against one or more parole officers complaining about the conditions that were imposed upon him.  Only one defendant, A. Ramirez, was served.  That defendant moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The plaintiff failed to respond to the motion.  By Order dated August 12, 2011, the Court extended the plaintiff's time to respond to the motion to September 2, 2011.  The Court warned that if the plaintiff did not submit an opposition the motion would be decided on the current papers.  No opposition was filed, and the motion appears to be well founded.

      In any event, the defendant has advised the Court that the plaintiff was released from Rikers Island and is no longer in the custody of the New York City Department of Correction or the New York State Department of Corrections and Community Supervision.  Mail sent to the plaintiff has been returned to

defense counsel.  The plaintiff has also failed to file any new address with the Court.

The defendant asks the Court to dismiss this case for failure to prosecute.  The case cannot proceed without a current address for the plaintiff and the failure to maintain such an address with the Court is a ground for failure to prosecute. See, e.g., Grace v. New York, No. 10 Civ. 3853, 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010), Report and Recommendation adopted by, 2010 WL 4026060 (S.D.N.Y. Oct 14, 2010) ; Alomar v. Recard, No. 07 Civ. 5654, 2010 WL 451047, at *2 (S.D.N.Y. Feb. 9, 2010); Dong v. United States, No. 02 Civ. 7751, 2004 WL 385117, at *3 (S.D.N.Y. March 2, 2004); see generally LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b)[of the Federal Rules of Civil Procedure] also gives the district court authority to dismiss a plaintiff's case . . . for failure to prosecute.").

"[A] district court contemplating dismissing a plaintiff's case, under Rule 41(b), for failure to prosecute must consider: (1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court

calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions." <u>LeSane</u>, 239 F.3d at 209 (alterations and quotation marks omitted). Those factors weigh in favor of dismissal without prejudice. The plaintiff's response to the defendant's motion to dismiss was originally due in August, and the Court has not received any papers from the plaintiff since then. <u>See</u> <u>Baker v. Smartwood</u>, 9:00 Civ. 1189, 2008 WL 5423436, at *1 (N.D.N.Y. Dec. 30, 2008) ("[D]urations of time as brief as four months have been held to be sufficient to weigh in favor of dismissal.") (collecting cases). The Court's August 12, 2011 Order specifically instructed the plaintiff that, if he did not respond, the defendant's motion to dismiss would be decided based on the defendant's papers. Because dismissal here is without prejudice, the plaintiff will not be prejudiced by dismissal, and his right to a fair chance to be heard will be protected. Finally, because the plaintiff has failed to file a current address with the Court, there is no lesser sanction which could be effective. <u>See, e.g.</u>, <u>id.</u> ("[T]he Court has carefully considered, and rejected, sanctions less drastic than dismissal of Plaintiff's Complaint, for example, imposing monetary sanctions on Plaintiff (who is proceeding in forma

3

pauperis ), or chastising him for his dilatory conduct in an Order (which will likely never reach him due to his failure to provide the Court with his current address)."). Indeed, in this case dismissal without prejudice is the least sanction because there is a pending motion to dismiss that the plaintiff has failed to answer. If the plaintiff seeks to resurrect this case, then the motion to dismiss will also be reinstated.

Therefore, the Court dismisses this case without prejudice for failure to prosecute. The pending motion to dismiss is denied without prejudice as moot. If the plaintiff reinstates this case, the defendant may reinstate the motion to dismiss.

## CONCLUSION

For the reasons explained above, the defendant's motion to dismiss this case for failure to prosecute is **granted**.

The Clerk is directed to enter judgment and to close this case. The Clerk should also close all pending motions.

SO ORDERED.

Dated:    New York, New York
          December 22, 2011

                                    /s/ John G. Koeltl
                                    _____
                                    John G. Koeltl
                                    United States District Judge